# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HODGE,<br><br>             Plaintiff,<br><br>     v.<br><br>J. GONZALES, et al.,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:15-cv-01618-AWI-BAM (PC)

FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS, (ECF No. 17), PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT, (ECF No. 24), AND PLAINTIFF'S MOTION FOR SCHEDULING ORDER, (ECF No. 23)

**FOURTEEN-DAY DEADLINE**

## I.      Introduction

Plaintiff Mark Hodge ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's first amended complaint against Defendants Gonzalez and Flores for unconstitutional conditions of confinement, against Defendant Gonzalez for excessive force, and against Defendant Flores for failure to protect Plaintiff, all in violation of the Eighth Amendment. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

On May 10, 2016, Defendants moved to dismiss this action on the grounds that it is clear from the face of the first amended complaint that Plaintiff's claims are barred by the holdings of Heck v. Humphrey, 512 U.S. 477, 480 (1994), and Edwards v. Balisok, 520 U.S. 641, 643

---

[1]       Defendant Gonzalez was erroneously sued as "Gonzales."

1

1   (1997). (ECF No. 17.) Defendants also filed a request for judicial notice in support. (ECF No.

2   18.) On May 26, 2016, Plaintiff filed an opposition to the motion, (ECF No. 20), and on June 1,

3   2016, Defendants filed a reply to Plaintiff's opposition, (ECF No. 21.)

4        On June 23, 2016, Plaintiff lodged a proposed second amended complaint. (ECF No. 22.)

5   On July 25, 2016, Plaintiff filed a motion for scheduling order, asserting that since he lodged a

6   second amended complaint correcting the defects in his first amended complaint, Defendants

7   could not continue to argue for dismissal on those grounds anymore. (ECF No. 23.)

8        On August 15, 2016, Plaintiff filed a motion to amend his first amended complaint. (ECF

9   No. 24.) On September 6, 2016, Defendants filed an opposition to Plaintiff's motion to amend,

10  (ECF No. 25), and on September 14, 2016, Plaintiff filed a reply to that opposition, (ECF No.

11  26.)

12       These motions are deemed submitted. Local Rule 230(l).

13  **II.     Summary of First Amended Complaint**

14       Plaintiff's first amended complaint concerns allegations against Defendants Gonzalez and

15  Flores while he was housed at Corcoran State Prison, where Defendants were employed. Plaintiff

16  alleges that on January 8, 2013, he was placed on the program holding cell in Facility 3A for

17  "about an hour" while handcuffed. (First Am. Compl., ECF No. 8, p. 3.) Plaintiff recently had

18  rotator cuff surgery, as well as foot surgery, involving the placement of screws in Plaintiff's toes.

19       Plaintiff asked Defendant Gonzalez if he could remove the handcuffs and give Plaintiff

20  shower shoes, because of the pain from Plaintiff's recent surgery. Defendant Gonzalez denied

21  Plaintiff's request. Plaintiff alleges that after an hour, he began to bang on the holding tank door

22  while handcuffed. Plaintiff was told by Defendants Gonzalez and Flores that "I ain't got nothing

23  coming." (Id. at 5.) Plaintiff specifically told both Defendants about his recent surgery, and again

24  asked to have his handcuffs removed and for shower shoes. Plaintiff also asked to see a doctor.

25  Defendants left him in the holding cage for another hour.

26       Plaintiff alleges that after an hour, the following occurred:

27       Gonzalez and Flores came back into the holding tank area and Gonzalez pulled
         out his O.C. pepper spray and opened the food port and sprayed me point blank

28

1
2
3
4

> range at my genitals causing unbearable pain, stating, this is for messing with our woman folk; then he and Flores started laughing and coughing and closed the food port and left out. I immediately could not talk, or breathe, being inside the Plexiglas enclosed holding tank. The left me in there like that for about ten minutes, and then correctional officers Shelton and Meier came in and escorted me barefooted out to the front of the 3A program office.

5  (Id. at 5, 6.)

6  Plaintiff alleges that when Gonzales came into the holding tank after the first hour,

7  Plaintiff had let his underwear fall to the floor in order to have something to stand on. Plaintiff

8  alleges that when Gonzales sprayed Plaintiff with the pepper spray through the food port door, he

9  sprayed him "point blank" in the genitals. Plaintiff alleges that earlier that morning, Defendant

10  Gonzales admitted that he was aware that Plaintiff was having chest pains and breathing

11  problems. Plaintiff told Gonzales that he suffered from asthma and used inhalers.

12  Plaintiff alleges that he was placed in the holding cell to be prepared for escort to the

13  Administrative Segregation Unit, but he knew that Defendants never intended to escort him "like

14  they claimed in their reports," because he was never given a jumpsuit or shower shoes for the

15  escort. (Id. at 6-7.)

16  **II.      Defendants' Motion to Dismiss**

17  Defendants move to dismiss Plaintiff's first amended complaint under Federal Rule of

18  Civil Procedure 12(b)(6). They argue that if Plaintiff were successful in this section 1983 action,

19  that judgment would render certain rule violations that Plaintiff was convicted of invalid.

20  Therefore, they assert that this action is barred by the favorable termination rule of Heck and

21  Edwards.

22  **A.      Legal Standards**

23  **1.      Motion to Dismiss**

24  Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss

25  for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In

26  considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

27  must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

28

1    (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v.

2    McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

3    1999). However, the Court need not credit "naked assertions," "labels and conclusions" or "a

4    formulaic recitation of the elements of a cause of action." See Bell Atlantic Corp. v. Twombly,

5    550 U.S. 544, 555-57 (2007).

6          In general, pro se pleadings are held to a less stringent standard than those drafted by

7    lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe

8    such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

9    However, a court's liberal interpretation of a pro se complaint may not supply essential elements

10   of the claim that were not pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268

11   (9th Cir. 1982).

12             **2.       Favorable Termination Rule**

13         It has long been established that state prisoners cannot challenge the fact or duration of

14   their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.

15   Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule

16   or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state

17   prisoners "seek to invalidate the duration of their confinement-either directly through an

18   injunction compelling speedier release or indirectly through a judicial determination that

19   necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v.

20   Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997).

21   Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter

22   the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

23   conduct leading to conviction or internal prison proceedings)—if success in that action would

24   necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

25         The Heck bar applies in the prison disciplinary context if the "defect complained of by

26   [Plaintiff] would, if established, necessarily imply the invalidity of the deprivation of his good-

27   time credits[,]" Edwards v. Balisok, 520 U.S. 641, 646 (1997); Nonnette v. Small, 316 F.3d 872,

28   875 (9th Cir. 2002), and if the restoration of those credits "necessarily" would "affect the

4

1  duration of time to be served[.]" Muhammed v. Close, 540 U.S. 749, 754 (2004) (per curiam);

2  see also Nettles v. Grounds, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc) ("Heck applies only

3  to administrative determinations that 'necessarily' have an effect on 'the duration of time to be

4  served.'" (citations omitted)); Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) ("[T]he

5  applicability of the favorable termination rule turns solely on whether a successful § 1983 action

6  would necessarily render invalid a conviction, sentence, or administrative sanction that affected

7  the length of the prisoner's confinement.").

8         The defendant has the burden of demonstrating that Heck bars a plaintiff's § 1983 claim.

9  See Sandford v. Motts, 258 F.3d 1117, 1119 (9th Cir. 2001) ("It was the burden of the

10 defendants to establish their [Heck] defense by showing what the basis was; they failed to do

11 so.").

12        **B.       Arguments**

13               **1.       Defendants' Motion**

14        Plaintiff's first amended complaint alleges that Defendants Gonzalez and Flores "never

15 intended to get me ready for escort to ASU like they both claimed in their reports…." (ECF No.

16 8, p. 6.) Defendants argue that these "reports" are two Rules Violation Reports ("RVR")

17 regarding two incidents relevant this litigation. Defendants submitted copies of these RVRs with

18 their request for judicial notice. (ECF No. 18.) Defendants argue that the RVRs are subject to

19 judicial notice, because Plaintiff referenced them in his first amended complaint, their

20 authenticity is not disputed, and because they provide the Court with necessary information for

21 adjudicating this motion. (ECF No. 18, pp. 2-3.)

22        The first RVR was issued by Defendant Gonzalez to Plaintiff on January 8, 2013 for

23 sexual battery on a non-officer, regarding an incident involving a registered nurse that day. (ECF

24 No. 18-1, pp. 2-16.) The report states that Plaintiff squeezed the right hip and buttock of the

25 nurse as she was examining him, and that she reported the incident to correctional staff,

26 including Defendant Gonzalez. Following an investigation and hearing regarding this RVR,

27 Plaintiff was found guilty of battery on a non-officer, and was assessed a loss of 150 days of

28 good time credits. (Id. at 3.)

1    The second RVR was also issued by Defendant Gonzalez to Plaintiff on January 8, 2013,

2  for disobeying a direct order, resulting in the use of force. (ECF No. 18-1, pp. 18-27.) The report

3  states that Plaintiff was placed in a temporary holding cell, awaiting placement in Ad-Seg as a

4  result of the battery incident discussed above. Plaintiff was yelling obscenities at the staff and

5  banging on the holding cell door. Defendant Flores entered the cell to prepare to move Plaintiff

6  from the holding cell to Ad-Seg, and Plaintiff continued yelling, at which point he was instructed

7  by both Defendants to face the rear of the cell and submit to restraints. Plaintiff initially

8  complied, but when Defendant Gonzalez opened the food port, Plaintiff put his arm through the

9  port and began yelling obscenities again while holding onto the port.

10    The report next states that Defendant Gonzalez ordered Plaintiff to remove his arm, but

11  Plaintiff refused, and yelled, "F--k you wetback!" Defendant Gonzalez again ordered Plaintiff to

12  remove his arm from the food port, and Gonzalez warned Plaintiff that if Plaintiff did not

13  comply, he would use chemical agents. Plaintiff did not comply and continued yelling, so

14  Defendant Gonzalez un-holstered his canister of OC pepper spray, and gave another warning.

15  Plaintiff then reached with his left hand towards Defendant Gonzalez's pepper spray and

16  attempted to grab it, at which point Defendant Gonzalez administered a burst of pepper spray

17  through the food port. Defendant Gonzalez shut and secured the food port, and Plaintiff agreed to

18  submit to restraints. Plaintiff was then handcuffed and removed from the holding cell. Following

19  an investigation and a hearing on this second RVR, Plaintiff was found guilty of the charged

20  offense, and was assessed a loss of 30-days good time credits, and a loss of yard days. (Id. at 18.)

21    Defendants argue that Plaintiff's success on his Eighth Amendment conditions of

22  confinement, excessive force, and failure to protect claims would invalidate one or both of

23  Plaintiff's RVR convictions, and would imply the invalidity of the loss of good time credits he

24  was assessed for those convictions. Because restoration of those credits would result in

25  Plaintiff's earlier release, and because he has not overturned those convictions prior to bringing

26  this suit, Defendants argue that Plaintiff's claims are barred by Heck and Edwards. Therefore,

27  Defendants argue that Plaintiff's action must be dismissed in its entirety.

28  ///

1

2          **2.      Plaintiff's Opposition**

Plaintiff argues in opposition to Defendants' motion that he only seeks damages for being

3     subject to unconstitutional procedures, not the restoration of any good time credits, so the <u>Heck</u>

4     bar does not apply. Plaintiff asserts that he does not challenge the first RVR finding him guilty of

5     battery on a non-officer, and argues that it is irrelevant to this action. Plaintiff does not dispute

6     that the second RVR is relevant, but because he only challenges the physical force used, not the

7     loss of good time credits, he asserts that the favorable termination rule does not bar his claims.

8     Plaintiff also asserts that the disposition of this RVR "was not a conviction at all in the court."

9     (ECF No. 20, p. 10.)

10         Plaintiff also asserts that this motion must be construed as a Rule 56 motion for summary

11    judgment if the Court considers the RVRs, or the evidence must be excluded.[2]

12         **3.      Defendants' Reply**

13         Defendants reply that Plaintiff misinterprets the law by arguing that his RVR convictions

14    do not count as "convictions" for the purpose of the favorable termination rule.

15         Regarding the relevancy of the first RVR, Defendants argue that it demonstrates the

16    reason why Plaintiff was in a holding cage on the day of the incidents he complained about, and

17    that it was for a valid purpose rather than some arbitrary reason. Defendants further argue that

18    Plaintiff's allegations in support of his claims in this case directly contradict the findings and

19    convictions of the Senior Hearing Officer on his second RVR.

20    ///

21    ────────────────────────

22    [2]     Plaintiff also argues that his first amended complaint should be construed to state a retaliation
      claim against Defendant Gonzalez because that officer allegedly stated that "this is for messing with our
      woman folk" when pepper spraying Plaintiff. (ECF No. 20, p. 10.)

23

24         In screening Plaintiff's first amended complaint and liberally construing his allegations, the Court
      found that it stated a claim for Eighth Amendment unconstitutional conditions of confinement, excessive

25    force, and failure to protect. (ECF No. 10.) Plaintiff currently proceeds only upon those claims, and he did
      not move to reconsider the screening order or to amend his complaint to add allegations of retaliation.

26    Also, such an amendment would be futile, as Plaintiff's touching of a registered nurse does not in any
      way constitute protected activity. See <u>Rhodes v. Robinson</u>, 408 F.3d 599-567-68 (9th Cir. 2005) (in the

27    prison context, plaintiff seeking to state a claim for retaliation in violation of the First Amendment must
      establish that a state actor took adverse action against him because of protected conduct). Thus, Plaintiff's

28    request should be rejected.

1    **C.      Analysis**

2        **1.      Consideration of RVRs**

3        As a threshold issue, the parties dispute whether the Court can consider the RVRs

4    without converting Defendant's 12(b)(6) motion to a motion for summary judgment. Plaintiff

5    asserts that since the documents are attached to Defendants' motion, the Court must construe it

6    as a motion for summary judgment or exclude the RVRs. Defendants argue that the Court may

7    take judicial notice of the RVRs under Federal Rule of Evidence 201.

8        In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court "may generally

9    consider only allegations contained in the pleadings, exhibits attached to the complaint, and

10   matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506

11   F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Facts which are subject to

12   judicial notice are those not subject to reasonable dispute because they are (1) "generally known

13   within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined

14   from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Further,

15   under the "incorporation by reference" doctrine, a court may also review documents "whose

16   contents are alleged in a complaint and whose authenticity no party questions, but which are not

17   physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir.

18   2005) (citation omitted and modification in original). The incorporation by reference doctrine

19   also applies "to situations in which the plaintiff's claim depends on the contents of a document,

20   the defendant attaches the document to its motion to dismiss, and the parties do not dispute the

21   authenticity of the document, even though the plaintiff does not explicitly allege the contents of

22   that document in the complaint." Id.

23       Here, Plaintiff briefly references the RVRs in his first amended complaint. (ECF No. 8, p.

24   6.) Plaintiff raises no challenge to the authenticity of the RVRs, stating that he does not challenge

25   the validity of the two convictions or the resulting loss of good time credits. (ECF No. 20, p. 8.)

26   Accordingly, the Court recommends that Defendants' request that the Court take judicial notice

27   of the RVRs and the fact of Plaintiff's convictions be granted. Also, the Court does not find that

28   the motion to dismiss need be converted into a motion for summary judgment.

8

## 2.    Conditions of Confinement Claim

Plaintiff's conditions of confinement claim against Defendants Gonzalez and Flores is based on his allegations that Defendants knew he had shoulder and foot surgery, yet allowed him to stand barefoot and handcuffed in a holding cell for two hours. Further, Plaintiff alleges that both Defendants allowed him to stand inside the holding cell for ten minutes after being pepper sprayed, without being decontaminated.

Defendants argue that Plaintiff is barred from bringing this claim due to the RVRs. As noted above, in Heck the Supreme Court held that a plaintiff may not bring a § 1983 action for damages based on "actions whose unlawfulness would render a conviction or sentence invalid" when the plaintiff's conviction or sentence has not yet been reversed, expunged, or otherwise invalidated. 512 U.S. at 486–87. The Heck bar extends to claims that would imply the invalidity of prison disciplinary proceedings that likewise affect the duration of a plaintiff's sentence. Edwards, 520 U.S. at 644.

"[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)). "In evaluating whether claims are barred by Heck, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153–54 (9th Cir. 2002) (quoting Heck, 512 U.S. at 487 n.6). Thus, a plaintiff's claims are barred when they depend on a theory that calls into question whether he committed the offense for which he was convicted.

Defendants have not carried their burden to show that Plaintiff's Eighth Amendment unconstitutional conditions of confinement claim is Heck barred in this case. They assert that the RVR that Plaintiff received for battery on a non-officer reflects that he was placed in a holding cell for a valid reason, but his unconstitutional conditions of confinement claim does not challenge or undermine the reason why he was being held in that cell. Instead, Plaintiff challenges whether he was denied humane conditions of confinement while held in that cell,

1   which is a distinctly separate inquiry from why he was held there. If he is successful on his

2   claim, his RVR conviction will not be jeopardized.

3        Defendants further argue that the RVRs reflect that Defendant Gonzalez was not aware of

4   Plaintiff's medical condition prior to being placed in the cell, apparently based on the absence of

5   any statements about these facts by Defendant Gonzalez in the RVRs. Plaintiff alleged in support

6   of his claim, however, that he informed both Defendants of his health condition and pain and

7   requested assistance, creating an issue of fact here that the Court cannot resolve at this stage, and

8   will not do so in Defendants' favor merely based on an inference from silence in the RVRs.

9   Although the Court can take judicial notice of the RVRs and the fact of Plaintiff's convictions

10  for rules violations, the well-pleaded allegations of the first amended complaint are nevertheless

11  construed in Plaintiff's favor.

12       Defendants also argue that the RVRs show that Plaintiff was not placed in handcuffs or

13  pepper sprayed until after he caused a disturbance, contrary to his allegations that he was left in

14  the cell in handcuffs and barefoot while in pain. Although there are factual disputes here,

15  Plaintiff's allegations that form the basis for this claim are not inconsistent with his conviction

16  on either the first or second RVR. The issue for determining whether Plaintiff's claim is <u>Heck</u>-

17  barred is whether Plaintiff's allegations undermine an element of his conviction for the rules

18  violation. The Court does not presume that the facts alleged in the RVR are true and that

19  Plaintiff's allegations are therefore false merely because it takes judicial notice of the RVR and

20  the convictions. <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule

21  12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may

22  do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is

23  not subject to reasonable dispute over its authenticity.'") (quoting <u>Southern Cross Overseas</u>

24  <u>Agencies, Inc. v. Wah Kwong Shipping Group Ltd.</u>, 181 F.3d 410, 426–27 (3rd Cir. 1999)).

25  Instead, as noted above, the well-pleaded allegations of the first amended complaint are

26  construed in Plaintiff's favor in deciding this motion.

27       Whether Defendants knowingly left Plaintiff in handcuffs while in the holding cell,

28  which caused pain because of his recent surgery, does not undermine any element of his

1   convictions. Plaintiff's battery conviction is based on events before he was placed in the holding

2   cell, and his § 1983 claim is based upon the alleged conditions while he was held in that cell

3   following the alleged battery. See Smith v. City of Hemet, 394 F.3d 689, 698 (9th Cir. 2005)

4   (under Heck, plaintiff allowed to bring a § 1983 action if the challenged conduct occurred

5   subsequent to the conduct on which is conviction was based). Plaintiff's conviction for

6   disobeying orders concerned subsequent events when Defendants were preparing to remove him

7   from that cell, and his claim that he was not properly decontaminated from the pepper spray used

8   to make him comply is also temporally distinct from the conduct for which he was convicted.

9          For these reasons, the Court does not find Plaintiff's claim here is inconsistent with his

10  convictions for the RVRs, and therefore does not find that it is Heck-barred. Thus, the Court

11  recommends denying Defendants' motion to dismiss Plaintiff's Eighth Amendment

12  unconstitutional conditions of confinement claim.

13                **3.        Excessive Force and Failure to Protect Claims**

14         Defendants next argue that Plaintiff's excessive force and failure to protect claims are

15  barred by Heck because a favorable termination to those claims would invalidate his RVR

16  conviction for failing to obey a direct order. The Court finds that Defendants have met their

17  burden to show that these claims are Heck-barred in this case. As Defendants argue, Plaintiff

18  alleges that Defendant Gonzalez pepper sprayed him for the purpose of causing harm and no

19  legitimate penological reason, while Defendant Flores watched and laughed at this unnecessary

20  use of force. This theory is directly inconsistent with Plaintiff's conviction concerning the same

21  incident, because he was convicted for disobeying direct orders from both Defendants, which

22  resulted in the need to use force to gain compliance. For a jury to rule in Plaintiff's favor on his

23  theory, it would have to find that the opposite occurred—that Plaintiff did nothing to cause any

24  use of force. This would necessarily imply the conviction is illegitimate. Furthermore, Plaintiff's

25  disciplinary conviction resulted in a loss of good-time credits, and Plaintiff admits that he has not

26  had those lost credits restored. (ECF No. 20, p. 2). Plaintiff also does not dispute that this loss of

27  good-time credits affects the length of his incarceration. As a result, these claims are barred by

28  Heck.

1    Plaintiff argues that he is not seeking a restoration of the lost credits in this action, but

2    only seeks damages for Defendants' alleged unconstitutional conduct. Therefore, he argues, the

3    Heck bar does not apply. In determining whether the Heck bar applies, the proper focus is "not

4    the relief sought, but the ground of the challenge." Burton v. Chenoweth, No. 2:14-CV-2331

5    KJN P, 2015 WL 7758476, at *2 (E.D. Cal. Dec. 2, 2015) (quoting Miller v. Indiana Dept. of

6    Corrections, 75 F.3d 330, 331 (7th Cir. 1996)).

7    Thus, although Plaintiff only seeks monetary damages on his Eighth Amendment

8    excessive force and failure to protect claims, the claims are nevertheless Heck-barred. A finding

9    in his favor in this case would "necessarily imply the invalidity of the deprivation of his good-

10   time credits." Edwards, 520 U.S. at 646-48; see also Cunningham, 312 F.3d at 1154 (excessive

11   force claims barred by Heck to the extent inconsistent with the theory that plaintiff did not

12   provoke the police shooting, because his conviction for felony murder required the jury to find

13   he intentionally provoked a deadly police response, and that he did not act in self-defense). See

14   also Velarde v. Duarte, 937 F. Supp. 2d 1204, 1210 (S.D. Cal. 2013) ("[A]lthough Heck does not

15   bar excessive force claims based on police conduct that occurred 'separate and independent'

16   from the facts giving rise to the plaintiff's prior conviction, where the alleged wrongful conduct

17   that forms the basis of the § 1983 claim 'is part of a single act' for which the plaintiff was

18   already convicted, Heck bars such claims.") (citations omitted); Burton, 2015 WL 7758476 at *3

19   (claim that defendant used excessive force by pepper spraying plaintiff for no reason would

20   invalidate the plaintiff's disciplinary conviction, which is barred by Heck and Edwards)

21   (footnote omitted); Farley v. Virga, 2013 WL 3992392, *6 (E.D. Cal. 2013) (claims barred to the

22   extent they depend on the theory that plaintiff did not lead or participate in a riot when he was

23   found guilty of doing so, because such claims implicate the validity of the prison discipline).

24   Accordingly, the Court finds that Plaintiff's Eighth Amendment excessive force and

25   failure to protect claims are barred by Heck because a favorable termination on those claims

26   would imply the invalidity of his disciplinary conviction that resulted in the loss of good-time

27   credits, which have not been restored. As a result, the Court recommends that those claims be

28   dismissed, without prejudice. See Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d

1    1048, 1055 (9th Cir. 2016) (Heck dismissal is made without prejudice); Belanus v. Clark, 796

2    F.3d 1021, 1025 (9th Cir. 2015) (same).

3              **III.        Motion to Amend and Motion for Scheduling Order**

4              As noted above, Plaintiff filed a motion for leave to amend his first amended complaint,

5    (ECF No. 24), and lodged a proposed second amended complaint, (ECF No. 22.) Plaintiff

6    explains in his motion that he seeks to amend his complaint because his first amended complaint

7    alleged that he was handcuffed in the holding cell, and his proposed second amended complaint

8    omits any reference to handcuffing. Plaintiff argues that Defendants emphasized in their motion

9    to dismiss that Plaintiff was handcuffed in arguing that his claim is barred by Heck. Plaintiff

10   states that he understands Defendants to be arguing that his allegations that he was handcuffed

11   behind his back when pepper sprayed are inconsistent with his conviction for disobeying orders.

12   Therefore, Plaintiff wishes to remove the inconsistency by taking out the allegations that he was

13   handcuffed, so that Defendants cannot argue for dismissal of his action on that ground.

14             Defendants oppose the motion for leave to amend, arguing that the amendment is futile,

15   because whether he was handcuffed in the holding cell does not affect whether the Heck bar

16   applies. They further argue that Plaintiff's proposed amendment is offered in bad faith, and

17   undermines his allegation that he was held in unconstitutional conditions of confinement since

18   his handcuffing was part of the basis of that Eighth Amendment claim.

19             In reply, Plaintiff argues that he did not act in bad faith or to cause delay, but is being

20   offered to correct a defect in his pleading that Defendants brought to his attention through the

21   motion to dismiss.

22             Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

23   pleading once as a matter of course within (1) 21 days after serving it, or (2) if the pleading is

24   one to which a responsive pleading is required, 21 days after service of a responsive pleading or

25   21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ.

26   P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the

27   adverse party. Fed. R. Civ. P. 15(a)(2). In this case, Plaintiff provided his responsive pleading to

28   prison officials for mailing to the Court for filing on June 18, 2016, more than a month after

1    Defendants filed and served their motion to dismiss under Rule 12(b)(6). Thus, Plaintiff may

2    only amend his complaint with leave of the Court.

3         Rule 15(a) is very liberal and the court "should freely give leave [to amend] when justice

4    so requires." Fed. R. Civ. P. 15(a)(2); see also AmerisourceBergen Corp. v. Dialysis West Inc.,

5    445 F.3d 1132, 1136 (9th Cir. 2006) (same). However, courts "need not grant leave to amend

6    where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces

7    an undue delay in the litigation; or (4) is futile." Id.

8         The Court finds that Plaintiff's request for leave to amend his first amended complaint to

9    redact or remove his allegations about handcuffing should be denied. Plaintiff seeks to eliminate

10   detail from the allegations in his first amended complaint merely to avoid dismissal appears

11   disingenuous, and would be unduly prejudicial to Defendants. Furthermore, the amendment is

12   futile with respect to saving Plaintiff's claims against Defendants Gonzalez and Flores for

13   violating the Eighth Amendment by using excessive force, and against Defendant Flores for the

14   failure to protect. As Defendants assert, regardless of whether Plaintiff was or was not

15   handcuffed at the time, his theory that the use of force was unprovoked in this action is

16   inconsistent with his conviction for disobeying orders resulting in the use of force. Removing the

17   allegations regarding handcuffing from the first amended complaint, therefore, will not save his

18   causes of action from dismissal. See Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir.

19   1999) (amendment should be permitted unless it will not save the complaint, or the plaintiff

20   seeks to prolong the litigation by adding new but baseless legal theories).

21        For these reasons, the Court recommends that Plaintiff's motion for leave to amend the

22   first amended complaint, be denied. Likewise, the Court recommends rejecting Plaintiff's

23   argument in his for a scheduling order that Defendants' motion to dismiss be denied because the

24   second amended complaint cures the defects raised in that motion. Instead, the Court should

25   grant the motion to dismiss in part as explained above, and a scheduling order may be issued in

26   due course.

27   ///

28   ///

14

**IV.     Conclusion and Recommendations**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Defendants' motion to dismiss, filed on May 10, 2016 (ECF No. 17), be granted in part and denied in part;

2.      Plaintiff's Eighth Amendment excessive force claim against Defendant Gonzalez, and failure to protect claim against Defendant Flores, be dismissed without prejudice as <u>Heck</u> barred;

3.      This action proceed on Plaintiff's claim against Defendants Gonzalez and Flores for unconstitutional conditions of confinement in violation of the Eighth Amendment;

4.      Plaintiff's motion for leave to amend the first amended complaint, filed on August 15, 2016 (ECF No. 24), be denied; and

5.      Plaintiff's motion for scheduling order, filed on July 25, 2016 (ECF No. 23), be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of  28 U.S.C. §636 (b)(1)(B). Within **fourteen (14) days** after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:    **March 8, 2017**                     /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE